McKinney, J.,
delivered the opinion of the Court.
This was a proceeding in the Circuit Court of Shelby, under the act of 1833, ch. 5, to subject the steamer “ James Laughlin” to the satisfaction of certain debts due to Potter, the defendant in error, for stores and provisions furnished said boat, at different times, between the 11th of February, 1857, and the 11th of May, of the same year, while running between the city of Memphis and different points on the Arkansas river.
The first and principal question for our determination, arises upon the charge of the Court. ■ His Honor *392 instructed tlie jury that a recovery could only be bad by the plaintiff for “such articles as were satisfactorily shown by the testimony, to have been furnished to the boat, by the plaintiff, at the request of the owner, master, or some agent of the boat, authorized for that purpose, as were necessary for the fitting, furnishing, or equipping of the boat; and that this would embrace groceries and provisions for the use of, and to be consumed on the boat.”
It is argued for the plaintiff in error, that the remedy given by the statute does not extend to stores and provisions furnished for the use of the boat; but only to such things as become part of the boat.
The act provides, that “whenever a debt shall be contracted by the master, owner, agent, or consignee of _any steam or keel-boat, within this State, by and on account of any work done, or materials, or articles furnished for or towards the building, repairing, fitting, burnishing, or equipping such steam or keel-boat, or for wages due to the hands of said steam or keel-boat, such debt shall be a lien upon such steam or keel-boat, her tackle and furniture: Provided, that suit be commenced within three months from the time said work is finished, or said materials or articles are furnished, or said wages fall due.”
It is obvious that the facility with which the owners of steamboats could escape the service of legal process, and evade the payment of debts contracted for the use of the boat, led to the enactment of this summary and efficient remedy; and it is no less obvious, as it seems to us, that a debt due for stores and provisions supplied to the boat, is as much within the reason and spirit of *393 the law, as a debt due for repairs, or fixtures, or furniture, or the wages of the hands.
An important part of the ordinary business of steamboats on our waters, is the carrying of passengers, who are to be fed during the passage, as are likewise the officers and hands of the boat. Without a ' store of necessary provisions, the boat is not. fitted or furnished for any practical purpose. Provisions are at least as essential, if not more so, than beds, chairs, and other furniture. And would it not be most absurd to hold, that a debt contracted for furniture, table - ware, or cooking utensils, formed a lien upon the boat, but that a debt for the necessary stores and articles of food, did not create such lien?
Rut upon the words of the act, we think there can be no doubt; the term “furnishing,” properly embraces stores for the use of the boat; and as used in this connection was meant to be so understood.
The Court did not err, in rejecting the evidence offered to prove that during all the time the supplies, for which this suit is brought, were furnished, the boat was let under a charter party, and that the charterer was bound to discharge all debts contracted by, or for the use of the boat, during the period of the contract. This contract was a matter between the parties, with which the creditors of the boat had nothing to do. The proceeding contemplated by the statute, is against the boat. The suit, it is true, is required by the fourth section of the act, to be against the owners of the boat, or some one of them; but this is not for the purpose of enforcing satisfaction of the debt by a judgment against them personally; but as a mode of proceeding *394 to subject tbe boat itself to the discharge of the debt. And it matters not, whether at the time the debt was contracted, the boat was in the possession and service of the owner, or of the party to whom it was let under the charter party. In either case, the boat ” is alike liable for all debts falling within the first section of the act.
A specification of the items comprising the debts sued for in this case was not necessary, under the circumstances. Promissory notes were executed, from time to time, for the various articles furnished for the use of the boat.; and they show upon their face, that the consideration was for stores and provisions supplied to the boat. This is a sufficient specification of the items of the demand, under the second section of the act. 9 Humph., 629.
There is no error in the judgment, and it will be affirmed.